IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

LAWANDA FOUREZ, Individually, )
and as Administrator of the Estate of FRANK )
FOUREZ, deceased. )
)
              Plaintiff, )
) No. 08-L-139
vs. )
)
CHRISTOPHER GREATER AREA RURAL HEALTH )
PLANNING CORPORATIOION, D/B/A ZEIGLER )
COMMUNITY HEALTH AND DENTAL CENTER, )
ZEIGLER COMMUNITY HEALTH AND DENTAL )
CENTER, DR. CLINT CONNOR, MARION HOSPITAL )
CORPORATION, D/B/A HEARTLAND REGIONAL )
MEDICAL CENTER, HEARTLAND REGIONAL )
MEDICAL CENTER, an Illinois Corporation, and )
SOUTHERN ILLINOIS HOSPITAL SERVICES D/B/A )
HERRIN HOSPITAL, )
              Defendant. )

## SUMMONS

To each defendant:    **Dr. Clint Connor, 27 Circle St., Zeigler, IL 62999**

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court, IN THE COURT HOUSE BUILDING, room _____, Marion, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

Witness _10/22_, 20 _08_

(Seal of Court)

_____
(Clerk of the Circuit Court)

By: _____
              (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
Name:          Mark D. Prince
                   Prince Law Firm
Attorney for:  Plaintiff
Address:      204 West College, PO Box 1030
City:           Carbondale, IL 62903-1030
Phone:        (618) 457-5575
Fax:           (618) 457-5565

OCT 3 0

10-30-08

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

FILED
SEP 2 9 2008
CLERK OF THE CIRCUIT COURT

| | |
|---|---|
| LAWANDA FOUREZ, Individually, and as Administrator of the Estate of FRANK FOUREZ, deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 08-L-159 ) |
| CHRISTOPHER GREATER AREA RURAL HEALTH PLANNING CORPORATION, D/B/A ZEIGLER COMMUNITY HEALTH AND DENTAL CENTER, ZEIGLER COMMUNITY HEALTH AND DENTAL CENTER, DR. CLINT CONNOR, MARION HOSPITAL CORPORATION, D/B/A HEARTLAND REGIONAL MEDICAL CENTER, HEARTLAND REGIONAL MEDICAL CENTER, an Illinois Corporation, and SOUTHERN ILLINOIS HOSPITAL SERVICES D/B/A HERRIN HOSPITAL, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

### COUNT ONE

NOW COMES the Plaintiff, Lawanda Fourez, individually and as administrator of the Estate of Frank Fourez, deceased, by her attorneys, Prince Law Firm, and for Count One of her Complaint against the Defendant, Christopher Greater Area Rural Health Planning Corporation, d/b/a Zeigler Community Health and Dental Center and Zeigler Community Health and Dental Center, and the Defendant, Dr. Clint Connor, states as follows:

1. That at all times herein, Lawanda Fourez and Frank Fourez were married to one another and resided in Franklin County, Illinois.

2. That at all times herein, Defendant, Christopher Greater Area Rural Health

Planning Corporation d/b/a Zeigler Community Health and Dental Center and Defendant, Zeigler Community Health and Dental Center (hereafter collectively referred to as "Zeigler Clinic") were health services clinics engaged in providing medical services to the general population and was doing business in and about Williamson County, Illinois.

3. That at all times herein, the Defendant, Dr. Clint Connor, was employed by the Zeigler Clinic defendants and was acting within the scope of and in the course of his employment.

4. That at all times herein, the Defendant, Heartland Regional Medical Center, was a hospital engaged in providing medical services and was located in Williamson County, Illinois.

5. That at all times herein, the Defendant, Herrin Hospital, was a hospital engaged in providing medical services and was located in Williamson County, Illinois.

6. That at all times mentioned herein, there existed between Frank Fourez and the Defendants a physician-patient relationship.

7. That on and before July 21, 2006, the Defendant, Dr. Clint Connor, had prescribed to Frank Fourez the medication known as Prevacol.

8. That on or about July 21, 2006, the Defendant, Dr. Clint Connor, prescribed to Frank Fourez the medication known as Vytorin and discontinued the Prevacol prescription.

9. That prior to prescribing the Vytorin medication, the Defendant, Dr. Clint Connor did not perform any testing to insure that Vytorin was an appropriate medication for Frank Fourez.

10. That subsequent to prescribing the Vytorin medication to Frank Fourez,

the Defendant, Dr. Clint Connor, did not perform any testing to either monitor Frank Fourez' liver enzyme levels or to otherwise make sure that the Vytorin medication was safe for Frank Fourez and not causing him any problems.

11. That after the Vytorin medication was prescribed and ingested, Frank Fourez began experiencing difficulties with the medication and reported these symptoms to the Defendant, Dr. Clint Connor. Dr. Connor told him that the symptoms were not related to the Vytorin and instructed to continue taking the medication.

12. That on September 18, 2006, Frank Fourez was admitted to the Defendant, Herrin Hospital, where he stayed until September 23, 2006.

13. That subsequent to his discharge from Herrin Hospital Frank Fourez was hospitalized at the Defendant, Heartland Regional Medical Center, from September 23, 2006, through on or about September 29, 2006.

14. That the Defendant, Dr. Clint Connor, continued to provide medical services to Frank Fourez while he was hospitalized at both Herrin Hospital and Heartland Regional Medical Center.

15. That Frank Fourez was transferred to St. Louis University Hospital on or about September 29, 2006, where he remained until he died on October 1, 2006.

16. That the Defendant, Zeigler Clinic, by and through its agent, servant, and employee, Defendant, Dr. Clint Connor, and the Defendant, Dr. Clint Connor, were negligent in one or more of the following manners:

    a. Failed to order the appropriate testing and screens before prescribing Vyotrin;

    b.    Improperly interpreted any testing that he might have done before prescribing Vytorin;

    c.    Prescribed Vytorin when it was not appropriate to do so.

    d.    Failed to order the appropriate testing and screens after prescribing Vytorin;

    e.    Improperly interpreted any testing that he might have done after prescribing Vytorin;

    f.    Failed to properly monitor and treat the Plaintiff's decedent while hospitalized in Herrin Hospital and Heartland Regional Medical Center;

    g.    Failed to discontinue the Vytorin when he should have done so.

17. That as a direct and proximate result of one or more of the foregoing acts of negligence, Frank Fourez died on October 1, 2006, thereby depriving his next of kin of his love, comfort, guidance, society, education and support.

18. That this action is brought pursuant to the Illinois Wrongful Death Act.

19. That attached hereto as Exhibit A is the undersigned's Affidavit requesting the automatic 90 day extension of time within which to file the Certificate of Merit because he has not had an opportunity to obtain a consultation with a licensed healthcare provider due to the impending statute of limitation.

WHEREFORE, Plaintiff prays for judgment on this Count in his favor and against the Defendant in an amount in excess of $50,000.00, plus cost of suit.

By: /s/ Mark D. Prince
Mark D. Prince

## COUNT TWO

NOW COMES the Plaintiff, Lawanda Fourez, individually and as administrator of the Estate of Frank Fourez, deceased, by his attorneys, Prince Law Firm, and for Count Two of her Complaint against the Defendant, Marion Hospital Corporation d/b/a Heartland Regional Medical Center, and Heartland Regional Medical Center, an Illinois corporation, (hereafter collectively referred to as Heartland Regional Medical Center) states as follows:

1-15. That Plaintiff restates and realleges paragraphs 1-15 of Count One.

16. That during Frank Fourez' hospitalization at Heartland Regional Medical Center, the Defendant, Heartland Regional Medical Center, by and through its agents, servants, and employees, were negligent in one or more of the following manners:

    a. Failed to properly treat Frank Fourez' medical condition;

    b. Failed to transfer Frank Fourez to a different institution in light of his medical condition.

17. That as a direct and proximate result of one or more of the foregoing acts of negligence, Frank Fourez died on October 1, 2006, thereby depriving his next of kin of his love, comfort, guidance, society, education and support.

18. That this action is brought pursuant to the Illinois Wrongful Death Act.

19. That attached hereto as Exhibit A is the undersigned's Affidavit requesting the automatic 90 day extension of time within which to file the Certificate of Merit because he has not had an opportunity to obtain a consultation with a licensed healthcare provider due to the impending statute of limitation.

HEREFORE, Plaintiff prays for judgment on this Count in his favor and against

the Defendant in an amount in excess of $50,000.00, plus cost of

suit.                                                   By: *Mark D. Prince*
                                                            Mark D. Prince

## COUNT THREE

NOW COMES the Plaintiff, Lawanda Fourez, individually and as administrator of the Estate of Frank Fourez, deceased, by his attorneys, Prince Law Firm, and for Count Two of her Complaint against the Defendant, Marion Hospital Corporation d/b/a Heartland Regional Medical Center, and Heartland Regional Medical Center, an Illinois corporation, (hereafter collectively referred to as Heartland Regional Medical Center) states as follows:

1-16. That Plaintiff restates and realleges paragraphs 1-15 of Count One.

17. That during Frank Fourez' hospitalization at Heartland Regional Medical Center, the Defendant, Herrin Hospital, by and through its agents, servants, and employees, were negligent in one or more of the following manners:

   a. Failed to properly treat Frank Fourez' medical condition;
   b. Failed to transfer Frank Fourez to a different institution in light of his medical condition.

18. That as a direct and proximate result of one or more of the foregoing acts of negligence, Frank Fourez died on October 1, 2006, thereby depriving his next of kin of his love, comfort, guidance, society, education and support.

19. That this action is brought pursuant to the Illinois Wrongful Death Act.

20. That attached hereto as Exhibit A is the undersigned's Affidavit requesting

the automatic 90 day extension of time within which to file the Certificate of Merit because he has not had an opportunity to obtain a consultation with a licensed healthcare provider due to the impending statute of limitation.

HEREFORE, Plaintiff prays for judgment on this Count in his favor and against the Defendant in an amount in excess of $50,000.00, plus cost of suit.

By: _____
Mark D. Prince

## AFFIDAVIT

The undersigned, after being duly sworn on oath, deposes and states that the amount of damages being sought in this case exceeds $50,000.00.

By: _____
Mark D. Prince

Signed and sworn to before me this 29th day of September, 2008.

_____
Notary Public

OFFICIAL SEAL
AIMEE HEADD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/16/12

PRINCE LAW FIRM
204 West College
P.O. Box 1030
Carbondale, IL 62903
618-457-5575
618-457-5565 (fax)
mdprince@princelawfirm.net